UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-CR-0405 (PJS/JJG) |
| | Case No. 12-CV-1342 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| TIMOTHY RUSSELL MAJCHRZAK, | |
| Defendant. | |

Timothy Russell Majchrzak, defendant pro se.

Defendant Timothy Majchrzak pleaded guilty to one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and was sentenced to 70 months in prison and 3 years of supervised release. The Court entered judgment on August 6, 2007. ECF No. 26. Majchrzak did not appeal his conviction or sentence.

This matter is before the Court on Majchrzak's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1] For the reasons stated below,[2] the motion is denied. Because the record conclusively demonstrates that Majchrzak is not entitled to relief, no hearing is necessary. 28 U.S.C. § 2255(b); *Noe v. United States*, 601 F.3d 784, 792 (8th Cir. 2010).

---

[1]Majchrzak also moves for leave to file a memorandum in support of his motion. The Court grants that motion, and the Court has read the memorandum (which Majchrzak filed with his motion).

[2]It is likely that Majchrzak's motion is also untimely and that many, if not all, of his claims are procedurally defaulted. The Court need not address these issues, however, because Majchrzak's claims clearly fail on the merits.

Majchrzak primarily seeks relief under the Tenth Amendment to the United States Constitution.³ His argument is somewhat hard to follow, but he appears to contend both that (1) Congress's enactment of § 922(g)(1) violated the Tenth Amendment and that (2) he had a constitutional right to notice and a hearing before he was indicted so that he could challenge the federal government's assertion of jurisdiction over him. He also appears to be raising some kind of as-applied Tenth Amendment or other challenge to the allegations in the indictment. Finally, he argues that the Court must apply strict scrutiny to the government's actions under the "hybrid rights" doctrine because the government's Tenth Amendment violations also implicate his rights under the Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments.

All of Majchrzak's arguments fail. First, it is well-established that § 922(g)(1) is a valid exercise of Congress's Commerce Clause power, *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011), and that fact is fatal to Majchrzak's Tenth Amendment challenge, *United States v. Louper-Morris*, 672 F.3d 539, 563 (8th Cir. 2012) ("A Tenth Amendment challenge to a statute necessarily fails if the statute is a valid exercise of a power relegated to Congress." (citation and quotations omitted)). *See also United States v. Lewis*, 236 F.3d 948, 950 (8th Cir. 2001) (rejecting a Tenth Amendment challenge to 18 U.S.C. § 922(g)(9)).

Second, Majchrzak cites no authority, and the Court is aware of none, that holds that a federal criminal defendant has a constitutional right to notice and a hearing *before* he is indicted so that he may challenge the government's intended assertion of jurisdiction over him. To the

---

³Majchrzak also cites the Ninth Amendment, but seems to regard it only as a vehicle for his Tenth Amendment arguments: "Majchrzak readily acknowledges that the Ninth Amendment does not constitute an independent source of rights protected from infringement by the federal government." ECF No. 33 at 1.

contrary, such notice would necessarily reveal the existence of grand-jury proceedings, which are secret by law. *See* Fed. R. Crim. P. 6(e)(2); *Rehberg v. Paulk*, 132 S. Ct. 1497, 1509 (2012) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." (citation and quotations omitted)). It is also difficult to understand what a defendant would gain from such a right, since any defendant can challenge the existence of federal jurisdiction immediately *after* he is indicted.

Third, to the extent that Majchrzak is raising an as-applied Tenth Amendment or other challenge to the allegations in the indictment, that challenge is meritless. The indictment properly alleges (and Majchrzak admitted in his plea agreement) that the firearms that he possessed traveled in interstate commerce. *See* ECF No. 7 (indictment); ECF No. 19 at 2 (plea agreement). This is sufficient to establish an interstate nexus, which defeats Majchrzak's as-applied challenge. *See United States v. Lewis*, 236 F.3d 948, 950 (8th Cir. 2001) ("In the present case, it is not disputed that the firearm which Mr. Lewis possessed had traveled in interstate commerce. This specific interstate-commerce connection suffices to validate the statute.").

And finally, Majchrzak's attempt to invoke the "hybrid rights" doctrine fails. That doctrine calls for the application of strict scrutiny when a litigant raises a claim that implicates both the First Amendment's Free Exercise Clause and another constitutional protection, such as freedom of speech or of the press. *Emp't Div., Dep't of Human Res. v. Smith*, 494 U.S. 872, 881-82 (1990); *Olson v. Mukasey*, 541 F.3d 827, 832 (8th Cir. 2008) (noting that the strict-scrutiny test applies under the hybrid-rights doctrine); *Cornerstone Bible Church v. City of Hastings*, 948 F.2d 464, 472 (8th Cir. 1991) (noting that a "hybrid rights" claim is one type of free-exercise

claim that survived *Smith*). Majchrzak's claims have nothing to do with the Free Exercise Clause and the "hybrid rights" doctrine is therefore irrelevant.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for leave to file a memorandum [ECF No. 32] is GRANTED.

2. Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 31] is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 19, 2012                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge